UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAND SOUTH ADVENTURES, LLC
d/b/a Cypress Gardens Adventure Park,

    Plaintiff,

v.                                        CASE NO: 8:09-cv-859-T-30MAP
LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Lexington Insurance Company's Motion to Dismiss and/or Stay Proceedings (Dkt. #4). Having considered the Motion and Plaintiff's Response (Dkt. #16), the Court concludes the Motion to Dismiss must be DENIED, but Plaintiff's Motion for a stay is GRANTED.

## Discussion

Plaintiff filed a complaint for breach of contract in Polk County, Florida's Circuit Court alleging that Defendant had, in various ways, failed to fulfill it's contractual obligations under an insurance policy it had issued to Plaintiff. Defendant removed the action to this Court on May 8, 2009, and filed the instant Motion on May 12, 2009. Plaintiff filed a Memorandum of Opposition on June 1, 2009.

Defendant claims that the complaint should be dismissed or the case stayed because Plaintiff did not submit a statement, under oath, as to the damage and has not allowed the claims process to be exhausted. Because Defendant has failed to state the legal grounds upon

which the cause should be dismissed, the Court shall assume that Defendant believes these arguments demonstrate that Plaintiff has failed to state a claim upon which relief may be granted, mandating dismissal under Federal Rule of Civil Procedure 12(b)(6).

**Motion to Dismiss Standard**

A complaint must provide a short and plain statement of the facts upon which relief may be granted. Fed. Rules Civ. Proc. 8 & 12(b)(6). While a complaint need not give detailed factual allegations, to survive a Rule 12(b)(6) motion to dismiss, a complaint's factual assertions, when assumed to be true, must be enough to raise a right to relief above a speculative level. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009). All facts in the complaint must be accepted as true and the Court must draw all inferences in favor of the Plaintiff. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).

**Oath Attesting to Damage**

Defendant claims that Plaintiff's complaint should be dismissed because the Plaintiff was required by the policy to submit a sworn statement of loss prior to initiating the lawsuit.[1] On this matter, Defendant seems to rest his argument for dismissal on a series of cases which were all contemplating summary judgment. As discussed above, in evaluating a motion to dismiss, the Court must assume all of the Plaintiff's allegations to be true and draw all inferences in favor of the Plaintiff. Here, the Plaintiff has contended that a valid contract existed (Dkt. #2-5 ¶¶ 3, 6-10), that it was materially breached (Dkt. #2-5 ¶ 33), that Plaintiff was damaged as a result (Dkt. #2-5 ¶ 34), and that a proof of loss was accepted by Defendant

---

[1]The Court notes that the Defendant failed to state, anywhere in its motion, where in the one-hundred and eighty-seven (187) pages of exhibits containing the insurance policy this clause may be found. Since the Plaintiff failed to raise this issue, the Court will assume, *arguendo*, for this motion, that the policy contains such a clause.

(Dkt. #2-5 ¶ 18). These are all of the necessary elements for an action for breach of contract under Florida Law. Tech. Packaging, Inc. v. Hanchett, 992 So. 2d 309, 313 (Fla. Dist. Ct. App. 2d. 2008). Plaintiff has provided adequate facts to support its claim and raise it above a speculative level.

Defendant puts forth a check and statement in support of its motion. However, as discussed above, the Court must rule on a motion to dismiss assuming all allegations to be true. Because all of the Defendant's arguments rely on factual assertions, they are inapposite in a motion for dismissal, and would be more appropriately addressed in a motion for summary judgment.

## STAY

The Court will provide time for the parties to attempt to find a resolution in mediation.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's motion to dismiss (Dkt. #4-1) is DENIED. Defendant has forty-five (45) days from the date of this Order to file a responsive pleading.

2. Defendant's motion to stay proceedings (Dkt. #4-2) is GRANTED. This case is STAYED for a period of thirty (30) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 5, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Odd\2009\09-cv-859.mtd 4.wpd*